# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LEONARD PREISS,

      Petitioner,

-vs-                                              Case No.  8:05-CV-1148-T-30MAP

JAMES V. CROSBY, JR., et al.,

      Respondents.

_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus challenging his 2002 conviction for engaging in unlawful sexual activity with a minor entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1).  Respondent has filed a response to the petition (Dkt. 8), and Petitioner has filed a reply thereto (Dkt. 12). An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a).

### Background

Petitioner, a 28-year-old resident of Palm Harbor, Florida, owned and operated an escort service from his home. Responding to an advertisement for a modeling job, the 16-year-old victim arranged to meet with Petitioner for an interview on August 15, 2000. During the interview, Petitioner engaged in conduct of a sexual nature with the victim. This encounter was interrupted when one of the victim's friends returned to the house unexpectedly (Dkt. 10, Ex. 2 at R. 199-217). Shortly after she left Petitioner's house with her friend, the victim appeared at the Pinellas County Sheriff's Office to report the incident.

Petitioner was charged by Information on September 29, 2000, with engaging in unlawful sexual activity with a minor[1] (Dkt. 10, Ex. 13 at R. 4). Represented by retained counsel, Petitioner entered an open plea of *nolo contendere* to the charge on July 9, 2002 (Dkt. 10, Ex. 1 at 7). During the sentencing hearing on September 9, 2002, Petitioner acknowledged that he was guilty of the offense of conviction, arguing in mitigation that the victim consented to having intercourse with him.  Petitioner was sentenced as a sexual offender to a term of 10 years incarceration (Dkt. 10, Ex. 13, Vol. 1 at R. 53-56).

Represented by counsel, Petitioner filed a direct appeal. Petitioner's appeal was, however, dismissed on February 21, 2003, pursuant to his notice of voluntary dismissal (Dkt. 10, Ex. 3). *See Preiss v. State*, 840 So. 2d 240 (Fla. 2d DCA 2003) (table decision).

On October 20, 2003, Petitioner, through retained counsel, filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 (Dkt. 10, Ex. 4). Petitioner raised two claims for relief in his Rule 3.850 motion: trial counsel was ineffective in (1) coercing him to enter a plea and (2) misadvising him as to the consequences of his plea. *Id.* The trial court summarily denied the motion on December 1, 2003 (Dkt. 10, Ex. 5). Petitioner's motion for rehearing was denied on April 13, 2004 (Dkt. 10, Ex. 7).   On November 10, 2004, the state district court affirmed the trial court's denial of Petitioner's Rule 3.850 motion in a per curiam decision, without written opinion (Dkt. 10, Ex. 9). *See Preiss v. State*, 888 So. 2d 638 (Fla. 2d DCA 2004) (table decision). The mandate issued

---

[1]The statute under which Petitioner was charged provides that:

(1) A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. As used in this section, "sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; however, sexual activity does not include an act done for a bona fide medical purpose. . . . (3) The victim's prior sexual conduct is not a relevant issue in a prosecution under this section.

Fla. Stat. § 793.05 (2000).

on December 9, 2004 (Dkt. 10, Ex. 10). Petitioner's motion to recall the mandate and request for written opinion pursuant to Fla. R. App. P. 9.330(a) (Dkt. 10, Ex. 11) was denied on January 6, 2005 (Dkt. 10, Ex. 12).

Petitioner filed his request for federal habeas relief on June 16, 2005, asserting three grounds for relief:

1.   Petitioner's plea of *nolo contendere* was involuntarily entered because it was induced by his [trial] counsel's coercion;

2.   Petitioner was denied his right to effective assistance of counsel based on [trial] counsel's misadvice regarding the sentence Petitioner would receive by pleading *nolo contendere*; and

3.   Petitioner is entitled to relief based on his actual innocence.

Dkt. 1. Respondents contend that the petition is barred by the one-year limitation period applicable to § 2254 petitions under 28 U.S.C. § 2244(d). For reasons discussed below, the Court agrees with Respondents.

## Standard of Review

State prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), have one year from the latest of any of four events to file a § 2254 petition: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to filing the petition is removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not

be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year limitation provisions are applicable to Petitioner's claims because the petition was filed after the AEDPA's enactment date.

### Discussion

In the present case, Petitioner's conviction became final when the state district court dismissed his direct appeal pursuant to Petitioner's notice of voluntary dismissal on February 21, 2003. Petitioner does not benefit from the Eleventh Circuit's holding in *Bond v. Moore* that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired," 309 F.3d 770 (11th Cir. 2002), because Petitioner waived his right to petition for certiorari review when he abandoned direct review by a state court of last resort with regard to his plea-based conviction.[2] *See, e.g., Roberts v. Cockrell*, 319 F.3d 690, 693 n. 14 (5th Cir. 2003) ("By failing to file a petition for discretionary review, Roberts apparently waived his right to seek a writ of certiorari from the Supreme Court.") (citing Sup.Ct. R. 10(b), 6 & 13 (requiring filing within 90 days of a *state court of last resort* entering judgement)). While the "conclusion of direct review" is generally when the Supreme Court either rejects the petition for certiorari or rules on its merits, where, as here, the defendant stops the appeal process before the state court of last resort has rendered a decision, the conviction becomes final when the time for seeking further direct review in the state court expires. *See Roberts v. Cockrell*, 319 F.3d at 694. Therefore, to be

---

[2]The Supreme Court does not have certiorari jurisdiction unless the state court of last resort in some way decides the claims concerning the defendant's conviction. *Street v. New York*, 394 u.S. 576, 581-82 (1969). Thus, to pursue further direct review in the Supreme Court, Petitioner needed a judgment of the Florida Second District Court of Appeal concerning the validity of his state court conviction. *See* 28 U.S.C. 1257. Florida Second District Court of Appeal did not address the validity of his conviction because Petitioner voluntarily dismissed his appeal.

considered timely filed, Petitioner's § 2254 petition had to be filed on or before February 21, 2004, absent tolling by a properly filed application for state post-conviction relief.

Petitioner allowed 241 days of the one-year period to elapse before tolling it by filing his Rule 3.850 motion on October 20, 2003. Accepting, without deciding that Petitioner's Rule 3.850 proceedings remained pending until the state appellate court denied Petitioner's motion to recall the mandate, Petitioner's limitation period recommenced to run on January 6, 2005, with 124 days remaining unexpired (365 days - 241 days = 124 days). Petitioner had until May 10, 2005, to file a timely § 2254 petition.  Petitioner filed the instant petition on June 16, 2005, 37 days after the limitations period expired.

Petitioner has not shown that a state created impediment prevented him from filing a timely § 2254 petition or that he could not have discovered the factual predicate of his federal claims prior to June 16, 2005, when he filed the instant petition. *See* 28 U.S.C. § 2244(d)(1)(B) & (D).

Petitioner contends that his claims should be addressed on the merits by this Court despite the procedural bar under § 2244(d). Citing five examples[3] of state court proceedings that culminate with the entry of a "judgment," Petitioner asserts that the language of § 2244(d) is "vague and ambiguous" because Congress failed to state with specificity which "particular judgment triggers the limitation period." Petitioner further argues that application of the limitation period to non-capital petitioners is contrary to the intent of Congress. Directing the Court's attention to the use of the phrase "death penalty" in the title of the Act and the Act's statement of purpose, Petitioner asserts that "there is a substantial amount of extrinsic material" to support his conclusion that the only "state court judgment

---

[3]Petitioner refers to the entry of a judgment in (1) a juvenile delinquency proceeding; (2) a misdemeanor proceeding; (3) a non-capital felony proceeding; (4) a capital felony proceeding; and (5) a civil commitment to a mental facility.

that satisfies the 'in custody' requirement [under § 2254] would be a case involving the death penalty" (Dkt. 12 at 5).   The Court finds  Petitioner's arguments in this regard unpersuasive. In addressing the applicability of the AEDPA amendments to non-capital cases in *Lindh v. Murphy*, the Supreme Court held that:

> Title I of the Act stands more or less independent of the Act's other titles  in providing for the revision of federal habeas practice and does two main things. First, in §§ 101-106, it amends § 2244 and §§ 2253-2255 of chapter 153 of Title 28 of the United States Code, *governing all habeas corpus proceedings in the federal courts.* 110 Stat. 1217-1221. Then, for habeas proceedings against a State in capital cases, § 107 creates an entirely new chapter 154 with special rules favorable to the state party, but applicable only if the State meets certain conditions, including provision for appointment of postconviction counsel in state proceedings. 110 Stat. 1221-1226. . . . *[T]he amendments to chapter 153 were assumed and meant to apply to the general run of habeas cases . . . filed after the date of the Act.*

521 U.S. 320, 326-27 (1997) (emphasis added).

For reasons discussed above, the Court determines that Petitioner's § 2254 petition is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation provision unless Petitioner demonstrates that he is entitled to equitable tolling.  Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).

"The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Having afforded him an opportunity to explain the reasons for his untimeliness, the Court finds that Petitioner has failed to satisfy the criteria in this jurisdiction to proceed despite the procedural bar to his petition. *See Helton v. Sec. for the Dep't of Corrs.*, 259 F.3d 1310,

1314-15 (11th Cir. 2001).   Petitioner has failed to allege, much less establish, that extraordinary circumstances that were both beyond his control and unavoidable with diligence prevented him from presenting his claims before the limitation period expired, which are essential elements for the imposition of equitable tolling.

Petitioner does contend, however, that he is entitled to proceed despite the untimeliness of his petition because he is actually innocent of the offense of conviction. While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitation period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a *constitutional* violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* __ U.S. __, 126 S.Ct. 2064, 2076-77 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the *Schlup* court held:

> To be credible, such a claim requires petitioner to support his allegations of
> constitutional error with new reliable evidence – whether it be exculpatory

> scientific evidence, trustworthy eyewitness accounts, or critical physical
> evidence – that was not presented at trial.

*Schlup v. Delo*, 513 U.S. at 324. Petitioner's "newly discovered evidence" must establish factual innocence rather than mere legal insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001).

In support of his argument that he is actually innocent, Petitioner has attached a copy of the Sexual Assault Victim Examination ("S.A.V.E.") report prepared on August 16, 2000, by medical personnel who examined the victim following the sexual activity with Petitioner. Petitioner asserts that had he proceeded to trial, the report could have been used to impeach the victim's statement regarding the incident and disclose the "existence of physical evidence which could have been tested that would exonerate [him]" (Dkt. 12 at 16).

First, Petitioner's claim of actual innocence was waived by virtue of his voluntary election to enter a *nolo contendere* plea. Petitioner's contention that the S.A.V.E. report constitutes "newly discovered evidence" is contradicted by the record.  A photocopy of the report was provided to trial counsel on June 15, 2001 (Dkt. 10, Ex. 13 at R. 185, Attach.). Moreover, speculation regarding scientific testing of physical evidence *available to the defense at the time of the trial* is insufficient to support finding that Petitioner meets the criteria for application of the actual innocence exception. Finally, Petitioner argument that "information obtained by the investigator [hired] by Petitioner"[4] supports his claim of actual innocence is unavailing to his cause.  Much of the information to which Petitioner refers was

---

[4]According to Petitioner, the investigator "located numerous records of the alleged victim establishing her prior misconduct (runaway, drug use, and theft) and psychological records of past difficulties in the home . . . neighbors had observed her leaving home late at night by climbing out of her bedroom window . . on several occasions the alleged victim had been seen walking around her neighborhood in provocative clothing with older men.  Testimony to this fact would support Petitioner's belief about her being over 18 because it indicates that the alleged victim tends to lie about her age" (Dkt. 1 at 21).

available in reports generated by the Pinellas County Sheriff's Office ("PCSO").   Trial counsel moved the trial court for an order directing the State to provide the defense with copies of the PCSO's reports on April 5, 2001 (Dkt. 10, Ex. 13 at R. 09).   Given that trial counsel filed a copy of the reports with the request that the trial court consider a downward departure sentence, these reports cannot be considered "new discovered evidence," and even if they were, the only value the reports could have to the defense would be as impeachment if the victim testified that she had a stable home life.

When trail counsel attempted to impugn the victim by presenting the testimony of the investigator during the sentencing hearing, the  following exchange occurred:

Trial Counsel:  This is a savvy young lady. This is not an innocent young lady. What they are attempting to present to the Court is simply not true.

Court:  That's why we have trials.  And your client made a decision not to have a trial in this case.

Dkt. 10, Ex. 2 at R. 248. A review of the record reveals that the only two pieces of information Petitioner references in support of his "actual innocence" argument that were not extrapolated from the reports submitted in support of mitigation relate to hearsay statements by neighbors that the victim was seen climbing out her bedroom window late at night and walking around her neighborhood in provocative clothing with older men. As trial counsel's request to present rebuttal testimony during sentencing reflects, however, the investigator's completed reports were available to the defense prior to sentencing and the investigator was prepared to present testimony on Petitioner's behalf at sentencing regarding the information Petitioner now characterizes as "newly discovered evidence," *see* Dkt. 10, Ex. 2 at R. 245-54.

Petitioner has failed to satisfy the threshold requirement that he come forward with "new" reliable evidence of factual innocence, and there is nothing in the record that

suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claims. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Petitioner admitted engaging in conduct of a sexual nature with the 16-year-old victim, *see* Dkt. 10, Ex. 13, Vol. 1 at 83-163, and the statute under which he was convicted does not differentiate between consensual and nonconsensual sexual activity.

Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996). The merits of Petitioner's claims will not, therefore, be addressed.  *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

**Suspension Clause**

To the extent that Petitioner's reply may be read to assert that application of the AEDPA one-year limitation period in this case would be a violation of the Suspension Clause,[5]  the Eleventh Circuit has rejected such assertions because § 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"  *Steed v. Head*, 219 F.3d at 1300 (citation omitted).  Agreeing with all other circuits which have addressed this issue, the Eleventh Circuit has held that, "as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus." *Wyzykowski v. Dep't. of Corrs.*, 226 F.3d 1213, 1217 (11th Cir. 2000).    Therefore, Petitioner's assertion that application of the statutory time bar to him is unconstitutional is without merit.

---

[5]The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

**Conclusion**

For the foregoing reasons, the Court determines that the petition is untimely pursuant to 28 U.S.C. § 2244(d). Because the petition is barred by statute, the deficiency cannot be cured by amendment or discovery.

ACCORDINGLY, the Court **ORDERS** that:

1.      The petition for writ of habeas corpus is **DENIED** (Dkt. 1).

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Counsel of Record

SA:jsh