**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LEONARD PREISS,

    Petitioner,

v.                                    CASE NO. 8:05-CV-1148-T-30MAP

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

**O R D E R**

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal (Dkt. 15) and Motion for Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 16). Petitioner did not pay the filing fee or file a request for leave to proceed on appeal *in forma pauperis*.

Petitioner challenges the October 23, 2006 decision denying his petition for federal habeas relief as time barred pursuant to 28 U.S.C. § 2244(d), *see* Dkt. 13. Issuance of a

---

[1]"Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . . (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

COA does not require a showing that the appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). Under the controlling standard, where, as in the instant case, a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that jurists of reason would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000).

The Court found that Petitioner's habeas petition was time barred. Having failed to demonstrate that exceptional circumstances prevented him from filing a timely petition, he has not shown that the Court's assessment is debatable or wrong. Petitioner has failed to meet the two-prong *Slack* test. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion for Certificate of Appealability (Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA:jsh